UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-24356-GAYLES

**RAYMOND MOCTEZUMA, JR.,**
       **Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE,**
       **Defendant.**
_____/

**ORDER**

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Raymond Moctezuma, Jr., appearing *pro se*, filed a Complaint in this action on October 14, 2016 [ECF No. 1]. Because the Plaintiff has moved to proceed *in forma pauperis* [ECF No. 4], the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). Upon initial screening, the Court finds Plaintiff's Complaint fails to state a claim upon which relief may be granted.

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. "A complaint fails to state a claim if it fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Smith v. Attorney Gen.*, 637 F. App'x 574, 574 (11th Cir. 2016) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The complaint need not include detailed factual allegations, but it must set forth 'more than labels and conclusions [or] a formulaic recita-

tion of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (per curiam) (citation omitted). "However, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (per curiam) (citations and internal quotation marks omitted).

The Plaintiff's Complaint here appears to bring claims for wrongful termination, slander, defamation of character, and disparate treatment, arising from the separation of his employment from the Defendant, the U.S. Postal Service. The Court finds that the Plaintiff's allegations do not state claims under even the relaxed standards governing *pro se* complaints. The Complaint is a single paragraph, and the only pertinent allegations the Plaintiff provides are that he was placed on leave without pay from the Postal Service from February 2008 through July 2015, at which time his employment was terminated. He fails to provide specifics as to what transpired, or how what transpired constitutes wrongful termination, slander, defamation of character, or disparate treatment.

For these reasons, the Court concludes that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, thus, his case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**;

(2) the Plaintiff's Motion to Proceed *in forma pauperis* [ECF No. 4] is **DENIED**; the Plaintiff may refile the motion if he chooses to amend his Complaint;

(3) the Plaintiff shall have leave to amend his Complaint. He must separate his claims into counts, with appropriate headings indicating the cause of action. Below each heading, the Plaintiff shall assert, either expressly or inferentially, the elements applicable to the cause of action, the facts giving rise to the claim, and any relevant statutes.[1] The Plaintiff shall number the paragraphs of his complaint sequentially. Such amended complaint must be filed no later than **November 11, 2016**. If the Plaintiff fails to do so, the Court shall dismiss his Complaint *with prejudice* and close the case;

(4) the Plaintiff's Motion for Appointment of Counsel [ECF No. 6] is **DENIED**. There is no constitutional right to counsel in a civil proceeding; and

---

[1] In his Complaint, the Plaintiff states that he has "been dealing with this injustice for over 8 plus years" and "[t]he previous case's [sic] have been watered down and dismissed." Compl. at 2. In researching the Plaintiff's case, the Court discovered that the Plaintiff has filed three previous cases over the past eight years, all arising from his employment with the Postal Service (and the termination thereof). The first two cases were dismissed after the Plaintiff failed to serve the defendants. *See* Order Granting Motion to Dismiss, *Moctezuma v. Urrechaga*, No. 09-20489 (S.D. Fla. June 30, 2009), ECF No. 25; Order Adopting Report and Recommendations, *Moctezuma v. Tyus*, No. 09-20318 (S.D. Fla. Dec. 14, 2009), ECF No. 26. In the most recent case, Judge Williams granted the Postal Service's motion to dismiss the Plaintiff's claims to the extent they arose from his February 2008 termination from the Postal Service (because those claims had been raised in the previous two cases), leaving only four issues for which the EEOC had provided a notice of right-to-sue. *See* Order, *Moctezuma v. Donahoe*, No. 14-20562 (S.D. Fla. Dec. 19, 2014), ECF No. 25. Judge Williams later granted the Postal Service's unopposed motion for summary judgment on all claims. Order, *Moctezuma v. Donahoe*, No. 14-20562 (S.D. Fla. Dec. 2, 2015), ECF No. 48.

The doctrine of res judicata (or claim preclusion) "prohibits successive litigation of the very same claim by the same parties." *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016) (citation and internal quotation marks omitted). The prohibition bars "the parties . . . from relitigating issues that were or could have been raised" in an action that resulted in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). With that in mind, the Court instructs the Plaintiff, should he wish to file an amended complaint, he very likely runs the risk of having his claims barred if they are identical to the claims and involve the same causes of action that have been litigated in any of his three prior cases.

(5) the Plaintiff's Motion for Referral to the Volunteer Attorney Program [ECF No. 5]

is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of October, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE